United States District Court
Southern District of Texas
**ENTERED**
September 02, 2026
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| VARUN KISHOR JADEJA, | § | |
| | § | |
| Petitioner, | § | |
| | § | CIVIL ACTION NO. H-26-6132 |
| vs. | § | |
| | § | |
| WARDEN, Montgomery Processing Center, *et al.*, | § | |
| | § | |
| | § | |
| Respondents. | § | |

**ORDER**

The petitioner, Varun Kishor Jadeja, is a detainee in the custody of United States Department of Homeland Security, Immigration and Customs Enforcement (ICE) officials at the Montgomery Processing Center. Through counsel, he has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 challenging his continued detention. (Docket Entry No. 1). Jadeja is an Indian national who has a final order of removal. He has been in ICE custody since February 13, 2026. Among other arguments, Jadeja asserts in his petition that despite being subject to a final order of removal, his removal is not reasonably foreseeable because he is a member of the pending petition class protected by a preliminary injunction entered in *Immigration Center for Women and Children v. Noem*, No. 2:25-cv-9848 (C.D. Cal. May 20, 2026) ("ICWC Order") and that he cannot be removed without the government complying with the required process.

The court ordered the respondents to file an answer to the petition or other appropriate responsive pleading. (Docket Entry No. 4). The government answered with a motion to dismiss, or in the alternative, for summary judgment (Docket Entry No. 5), but the motion does *not* respond to Jadeja's main argument—that is, that his removal is not reasonably foreseeable because he is a

member of the pending petition class protected by the ICWC Order and that he cannot be removed without the government complying with the required process.

On August 31, 2026, the government filed an Advisory stating that it will remove Jadeja after the required five-day notice period expires. (Docket Entry No. 7).

Jadeja then filed an Emergency Motion for Expedited Status Conference, Supplemental Disclosure, and Temporary Preservation of the Status Quo. (Docket Entry No. 8). In the motion, Jadeja "requests an expedited status conference; an order requiring Respondents to promptly provide a verified supplemental notice identifying the operative removal authority, timing, destination, and basis for their claimed five-day period; and a brief order preserving the status quo pending the Court's consideration of this emergency motion and the required disclosure." (*Id.* at 1).

Based on the foregoing, the court **orders** that the response to petition for writ of habeas corpus and motion to dismiss or, in the alternative, for summary judgment (Docket Entry No. 5) is **denied** without prejudice. The respondents are **ordered** to file an amended answer **by September 11, 2026**, that fully and substantively responds to each of the arguments made in the petition (Docket Entry No. 1). The respondents are further **ordered** to file a response to the Emergency Motion for Expedited Status Conference, Supplemental Disclosure, and Temporary Preservation of the Status Quo (Docket Entry No. 8) by **September 11, 2026**. The respondents are **ENJOINED** from removing the petitioner, Varun Kishor Jadeja, from the Southern District of Texas until further order of the court.

SIGNED on September 2, 2026, at Houston, Texas.

Lee H. Rosenthal
Senior United States District Judge